FILED

04/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0359

DA 23-0359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 85N

IN THE MATTER OF THE NAME
CHANGE OF TOM NICHOLS,

Petitioner and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Powell, Cause No. DV-23-26
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Tom Nichols, Self-Represented, Deer Lodge, Montana

For Appellee:

Lorraine Schneider, Staff Attorney, Montana Department of
Corrections, Helena, Montana

Submitted on Briefs:  March 20, 2024

Decided:  April 23, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Petitioner Thomas Nichols ("Nikki") appeals a Third Judicial District Court order denying her petition for a sealed-record name change ("Petition"). Nikki is currently incarcerated at the Montana State Prison for committing sex crimes against children.

¶3    On appeal, Nikki argues the District Court erred in denying the Petition because an open-record proceeding would risk her safety as an actively transitioning transgender woman. The State argues that Nikki has failed to show probable cause and that the District Court thus properly exercised its discretion in denying her Petition.

¶4    We affirm.

¶5    District courts have broad discretion to grant or deny a petition for a sealed-record name change. Section 27-31-201, MCA, provides: "The court *may allow* a petition to proceed on a sealed-record basis when probable cause is shown that the safety of the petitioner is at risk and the judge is satisfied that the petitioner is not attempting to avoid debt or to hide a criminal record." (Emphasis added.) Further, a district court "may make an order changing the name or dismissing the applications, *as to the court or judge may seem right and proper*." Section 27-31-204, MCA (emphasis added).

¶6    We will only reverse a district court decision for an abuse of discretion if the decision is arbitrary or exceeds the bounds of reason, resulting in substantial injustice. *State v. Hansen*, 2022 MT 163, ¶ 10, 409 Mont. 495, 515 P.3d 799.

¶7    As cause for her Petition, Nikki alleges she has been harassed and abused while incarcerated as a direct result of her gender identity. By proceeding with a name change on an open record, Nikki fears she would be subject to additional abuse and harassment. She also notes a risk from specific family members who allegedly abused her in the past.

¶8    Other than to describe past harassment and abuse generally, Nikki does not identify or provide context for specific instances of abuse. Nikki has been living openly as a transgender woman at the MSP for roughly two years. Prison staff and inmates recognize her as a woman and refer to her as Nikki. Nikki has not explained why an open-record proceeding would change her circumstances at MSP, nor has she provided any support for the alleged risk of harm from members of the public.

¶9    On the record before us, we are not convinced that the District Court abused its discretion when it determined the evidence was insufficient to support Nikki's Petition. *Hansen*, ¶ 10.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR